**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ANTHONY DWAYNE WASHINGTON,

                Petitioner,

v.                                      CASE NO. 2:08-CV-12681
                                      HONORABLE MARIANNE O. BATTANI
JEFFERY WOODS, et. al.      UNITED STATES DISTRICT JUDGE

                Respondents,
_____/

**ORDER DIRECTING THE CLERK OF THE COURT TO TRANSFER
PETITIONER'S MOTION TO STAY TO THE UNITED STATES COURT OF
APPEALS FOR THE SIXTH CIRCUIT**

On July 2, 2008, this Court issued an order transferring petitioner's habeas application to the United States Court of Appeals to the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A), after determining that this was a successive petition for habeas relief. Petitioner's case was docketed in the Sixth Circuit on July 10, 2008. *See In re Washington,* U.S.C.A. No. 08-1906 (6th Cir.). On July 10, 2008, petitioner was ordered to file a corrected second or successive habeas motion with that court.[1]

Petitioner has now filed a motion to stay with this Court. The heading on

---

[1] This Court obtained this information from the Internet website for the United States Court of Appeals for the Sixth Circuit. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See United States ex. rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A federal district court is thus permitted to take judicial notice of another court's website. *See e.g. Graham v. Smith,* 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003).

1

Petitioner's motion, however, is addressed to the United States Court of Appeals for the Sixth Circuit and it appears that this motion advances arguments as to why the Sixth Circuit should permit petitioner to file a second or successive petition.

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F. 3d 939, 940 (6th Cir. 1998). Under the AEDPA, a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 971.

This Court has already transferred petitioner's habeas application to the Sixth Circuit for a determination by that court as to whether petitioner should be permitted to file a second petition. Petitioner's current motion for a stay appears to be a response to that court's request for petitioner to file a corrected successive habeas motion. A district court has the discretion, pursuant to 28

U.S.C. § 1631, to transfer a case improperly filed in the district, in the interests of justice, and can do so even if a transfer is not requested by either party. *Phillips v. Seiter,* 173 F. 3d 609, 610 (7th Cir. 1999). Petitioner's motion for stay should have been more properly filed with the Sixth Circuit.

    The Court will therefore order that the Clerk of the Court to transfer Petitioner's Motion for Stay [Dkt. # 4] to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

                                             s/Marianne O. Battani
                                             **HON. MARIANNE O. BATTANI**
                                             UNITED STATES DISTRICT JUDGE

DATED: July 31, 2008


CERTIFICATE OF SERVICE

    I hereby certify that on the above date a copy of this order was served upon all parties of record.

                                             s/Bernadette M Thebolt
                                             Case Manager